**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Michael Joseph Ponicki,<br><br>Petitioner,<br><br>v.<br><br>State of Minnesota and Cal Ludeman, as Minnesota Commissioner of Department of Human Services,<br><br>Respondents. | Case No. 10-cv-4527 (SRN/TNL)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Michael Joseph Ponicki, pro se, #78550, 111 Highway 73, Moose Lake, Minnesota 55767, pro se Petitioner.

Janice M. Allen, Anoka County Attorney's Office, 2100 3rd Avenue North, Anoka, Minnesota 55303-2265, on behalf of Respondent State of Minnesota.

Steven H. Alpert, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128, on behalf of Respondent Cal Ludeman, as Minnesota Commissioner of Department of Human Services.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Petitioner Michael Joseph Ponicki's Objections (Doc. No. 35) to United States Magistrate Judge Tony N. Leung's January 22, 2013, Report and Recommendation ("R & R") (Doc. No. 34). The Magistrate Judge recommended that Petitioner's 28 U.S.C.

§ 2254 Petition for a Writ of Habeas Corpus (Doc. Nos. 1, 29)[1] be denied, Petitioner's treatment claim be dismissed without prejudice, all other claims be dismissed with prejudice, and the Request for a Certificate of Appealability be denied. (Doc. No. 34, at 16.) For the reasons set forth below, Petitioner's objections are overruled and the Court adopts the R & R in full.

## II.     BACKGROUND

The factual and procedural background of Petitioner's case is well documented in the Magistrate Judge's R & R and is incorporated herein by reference.[2]  Briefly stated, Petitioner is currently under an indeterminate civil commitment as a sexually dangerous person ("SDP") at the Minnesota Sex Offender Program in Moose Lake, Minnesota ("MSOP"). (Doc. No. 14, at 2; Doc. No. 18, at 1; Doc. No. 29, at 1.)  Petitioner appealed his commitment to the Minnesota Court of Appeals and argued that "the evidence does not support the conclusion that he is highly likely to reoffend and that the SDP Act is unconstitutional." In re Civil Commitment of Ponicki, No. A09-945, 2009 WL 3818390, at *1 (Nov. 17, 2009), rev. denied, (Minn. Dec. 23, 2009).  As for his constitutional claims, Petitioner argued that Minnesota's SDP Act violates substantive due process, violates his right to equal protection, is void for vagueness, and violates the prohibition against double jeopardy.  Id. at *3–5.  He also argued that the SDP proceedings violated his right to a jury

---

[1]     Petitioner submitted an initial and an Amended Petition for a Writ of Habeas Corpus. (Compare Doc. No. 1 with Doc. No. 29.)  The Magistrate Judge considered both petitions concurrently in the R & R. (Doc. No. 34, at 5 n.1.)

[2]     The Court recites background facts only to the extent necessary to rule on Petitioner's objections.

trial. Id. at *5. The Minnesota Court of Appeals affirmed Petitioner's commitment and rejected his constitutional claims. Id. Petitioner then sought review from the Minnesota Supreme Court of two issues: "'[w]hether unnecessary confinement of a sex offender civil committee violates substantive due process when a less restrictive alternative is professionally assessed as appropriate,' and '[w]hether the nature and duration of proposed unnecessary civil confinement of a sex offender violates substantive due process.'" (Doc. No. 15, Ex. 13.) The Minnesota Supreme Court denied review. (Doc. No. 15, Ex. 15.)

On November 12, 2010, Petitioner filed his initial § 2254 Petition for a Writ of Habeas Corpus in this Court. (Doc. No. 1.) Petitioner subsequently filed an Amended Petition that includes eight claims: (1) the court violated his due process rights by committing him to "the most restrictive environment available," (Doc. No. 29, at 2); (2) "MSOP is not providing sex offender specific treatment . . . . [so it] does not meet the purpose of commitment," (id. at 3); (3) the indeterminate duration of Petitioner's commitment violates his due process rights, (id.); (4) the "[e]vidence as a whole does not substantially support the decision," (id.)[3]; (5) the SDP statute violates Petitioner's equal protection rights because "the distinction between the sex offender and other criminal offenders is not 'genuine or substantial,'" (id. at 4); (6) the SDP statute is void for vagueness, (id.); (7) Petitioner's commitment "constitutes double jeopardy" because he

---

[3] In his initial Petition for a Writ of Habeas Corpus, Petitioner also argued in conjunction with this claim that his "[p]rocedural due process rights were violated by allowing a showing of sexual dangerousness to be made by clear and convincing evidence, instead of by proof beyond a reasonable doubt." (Doc. No. 1, at 3.) This claim was removed from his Amended Petition. (See Doc. No. 29, at 3.)

3

"faces 'a potential life sentence,'" (id.); and (8) certain determinations under the SDP statute "should become jury questions," (id.). The Magistrate Judge recommended denial of the Petition, dismissal of Petitioner's treatment claim without prejudice, dismissal of all other claims with prejudice, and denial of a Certificate of Appealability. (Doc. No. 34, at 16.) Petitioner objects to all of the Magistrate Judge's recommendations. (Doc. No. 35, at 3–6, 8.) In addition, Petitioner requests an additional sixty days to add to his Objections and requests the appointment of counsel. (Doc. No. 35, at 8.)

### III. DISCUSSION

#### A. Standard of Review

The district court reviews de novo those portions of the R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).

#### B. Objections

##### 1. Lack of Subject Matter Jurisdiction

Petitioner first objects to the Magistrate Judge's determination that the Court lacks subject matter jurisdiction over his treatment claim. (Doc. No. 35, at 2–4.) Federal courts have limited jurisdiction. Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010). Therefore, "a federal court's first duty is to determine whether any matter is properly within its purview." Willhite v. Collins, 385 F. Supp. 2d 926, 928 (D. Minn. 2005).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the district courts with jurisdiction to "entertain an application for a writ of habeas corpus in

behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).  According to the U.S. Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Supreme Court precedent makes it clear that an attack on the fact or duration of confinement goes to the heart of habeas corpus and must be made in a habeas petition.  Taylor v. Roal, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *1 (Nov. 5, 2010) (citing Wilkinson v. Dotson, 544 U.S. 74, 78–82 (2005); Presier, 411 U.S. at 487).  However, the Supreme Court has not addressed whether a prisoner who attacks the conditions of his confinement may do so in a habeas petition or, instead, must bring a civil rights action.  Id., 2010 WL 4628634, at *2 (citing Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Preiser, 411 U.S. at 499).

      The Eighth Circuit Court of Appeals has issued conflicting opinions on this issue. Taylor, 2010 WL 4628634, at *2–3.  In Willis v. Ciccone, the court noted that "habeas corpus is a proper vehicle for any prisoner, state or federal, to challenge unconstitutional actions of prison officials."  506 F.2d 1011, 1014 (8th Cir. 1974).  However, the court limited challenges relating to conditions of confinement to "claims involving the deprivation of substantial rights."  Id. at 1015.  In contrast, in Kruger v. Erickson, the Eighth Circuit more recently stated that "[w]here [a] petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."  77 F.3d 1071, 1073 (8th Cir. 1996).  The opinion made no reference to Willis.  Taylor, 2010 WL

4628634, at *3.

These Eighth Circuit opinions were thoroughly discussed in Taylor v. Roal, an opinion from this District. Id. at *2–3. The court found that the majority of federal circuits and the majority of judges in this District agree with the rule stated in Kruger and summarized the majority rule as follows:

> [A] prisoner who challenges the constitutionality of the conditions of his confinement—and who does not challenge the fact or duration of that confinement—must bring his challenge through a traditional civil-rights action . . . and not through a habeas petition.

Id. at *5. Courts in this District have continued to apply this rule. See, e.g., Martin v. Benson, Civ. No. 11-347 (DSD/JJK), 2012 WL 863645, at *1 (Feb. 23, 2012) ("State detainees are not entitled to a writ of habeas corpus effecting release from custody based on a conditions-of-confinement claim . . . ."). This Court finds no reason to depart from the majority and will follow the rule stated in Kruger.[4]

The Magistrate Judge properly determined that this Court lacks subject matter jurisdiction over Petitioner's treatment claim. In the second claim of his Petition, Petitioner challenges the type of treatment that is being provided during his confinement: "MSOP is not providing sex offender specific treatment. . . . MSOP provides a one-size-fits-all solution with a focus on anti-social behavior. This does not fit the needs of the petitioner." (Doc. No. 29, at 3.) This claim is directed at the conditions of Petitioner's confinement, rather than the fact or duration of his confinement. Therefore, this Court

---

[4] Petitioner objects to the Magistrate Judge's reliance on Kruger. (Doc. No. 35, at 3.) As discussed, however, the Magistrate Judge accurately stated the law to be applied in this case.

lacks subject matter jurisdiction over the claim.

### 2. Procedural Default

Petitioner next objects to the Magistrate Judge's determination that his equal protection, void for vagueness, double jeopardy, jury trial and evidentiary claims are procedurally defaulted. (Doc. No. 35, at 4.) A writ of habeas corpus is available as a remedy to a state prisoner only after the prisoner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). This means that the prisoner "must . . . invoke one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This rule is based on considerations of federal-state comity. Preiser, 411 U.S. at 491. "State courts, like federal courts, are obliged to enforce federal law." O'Sullivan, 526 U.S. at 844. Therefore, a prisoner will not be deemed to have exhausted his state court remedies, even as to federal claims, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). If he has no such right, then the petitioner is also barred from obtaining habeas relief in federal court absent (1) a showing of cause and actual prejudice or (2) a demonstration of "a fundamental miscarriage of justice—meaning that he is actually innocent." Storey v. Roper, 603 F.3d 507, 524 (8th Cir. 2010) (citations omitted). To establish "a fundamental miscarriage of justice," a petitioner must present new evidence showing his innocence. Id. (citing House v. Bell, 547 U.S. 518, 537 (2006)).

In Minnesota, individuals committed as SDPs have two means of seeking relief in the state courts. Navratil v. Jesson, Civ. File No. 12-cv-01533 JNE/SER, 2012 WL

5439179, at *3 (D. Minn. Oct. 4, 2012). They may appeal their commitment directly to the Minnesota Court of Appeals, and they may petition the state courts for a writ of habeas corpus. Id. (citing Minn. Stat. § 25313.23, subd. 5, 7 (2010)). In habeas proceedings, a Minnesota state court will consider constitutional issues, but it will not review issues that were previously raised. Id.

The Magistrate Judge properly concluded that Petitioner procedurally defaulted on his equal protection, void for vagueness, double jeopardy, jury trial and evidentiary claims in this case. These claims were all presented to, and rejected by, the Minnesota Court of Appeals.[5] Petitioner did not, however, raise them in front of the Minnesota Supreme Court. Therefore, he failed to invoke one full round of the state appellate review process. In addition, because those claims were previously raised, a Minnesota state court will not now review them in a state habeas petition. While Petitioner asserts in his Objections to the R & R that "injustice would occur if not all of his claims are allowed to proceed," he provides no reasons for failing to raise the claims in his direct appeal to the Minnesota Supreme Court. Nor does he present new evidence that he was innocent of the underlying crime. Petitioner

---

[5] There are three criteria for indeterminate SDP commitment: "that an individual (1) 'has engaged in a course of harmful sexual conduct,' (2) 'has manifested a sexual, personality, or other mental disorder or dysfunction,' and (3) is highly likely to reoffend." In re Civil Commitment of Ponicki, 2009 WL 3818390, at *1 (quoting Minn. Stat. § 253B.02, subd. 18c(a)(1)(3) (2008)). In his federal habeas petition, Petitioner asserts that the evidence as a whole does not support his commitment. (Doc. No. 29, at 3.) However, when articulating his evidentiary claim in the Minnesota Court of Appeals, Petitioner argued only that "the evidence does not support the conclusion that he is highly likely to reoffend." In re Civil Commitment of Ponicki, 2009 WL 3818390, at *1. Accordingly, as noted by the Magistrate Judge, evidentiary claims relating to the first two elements of the statute have not been raised at all in the state appellate process. (Doc. No. 34, at 9–10.)

has not demonstrated cause or a fundamental miscarriage of justice; therefore, he is barred from obtaining habeas relief relating to his equal protection, void for vagueness, double jeopardy, jury trial, and evidentiary claims in this Court.

### 3. Unreasonable Determination of Facts

Petitioner also objects to the Magistrate Judge's determination that the trial court did not make an unreasonable determination of the facts by concluding there was no less restrictive alternative program for Petitioner.[6] (Doc. No. 35, at 5.) The AEDPA prescribes the standard for granting writs of habeas corpus made by persons in state custody:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

---

[6] In his objection relating to this claim, Petitioner merely incorporates the points made in his Petition and briefing and states that his constitutional rights have been violated by not placing him in a less restrictive environment. (Doc. No. 35, at 5.) While this objection likely does not satisfy the requirement that objections be "specific," the Court will interpret the objection as a challenge to the Magistrate Judge's finding that the trial court did not make an unreasonable determination of the facts. D. Minn. LR 72.2(b)(1).

The Magistrate Judge correctly concluded that Petitioner did not demonstrate that the state trial court's decision to place Petitioner in indeterminate civil commitment was based on an unreasonable determination of the facts.[7] (Doc. No. 34, at 15.) The trial court found that there was no "less restrictive alternative available that meets [Petitioner's] treatment needs and is consistent with public safety, than judicial commitment to the [MSOP]." (Doc. No. 15, Ex. 6, at 13.) In reaching this conclusion, the state trial court reviewed the evidence presented and made factual findings regarding the available treatment programs, Petitioner's treatment needs, and public safety. (Id. at 11–13.) Specifically, the court found that the court-appointed examiners supported Petitioner's completion of treatment in a less restrictive environment only if certain criteria were met. (Id. at 11.) The court also found that the court-appointed examiners agreed there was no program other than the MSOP that would meet those criteria and provide the level of supervision and monitoring necessary for Petitioner. (Id. at 12–13.) Petitioner has provided no clear and convincing evidence that these factual findings are incorrect. Therefore, this Court concludes that the state court's decision to place Petitioner in indeterminate civil commitment in the MSOP was not based on an unreasonable determination of the facts.

### 4. Certificate of Appealability

Finally, Petitioner objects to the Magistrate Judge's denial of Petitioner's request

---

[7] In his Petition, Petitioner asserted that his due process rights were violated because he was placed in "the most restrictive environment available" and because the duration of his commitment was indeterminate. (Doc. No. 29, at 1–2.) This Court construes the Magistrate Judge's recommendation relating to the trial court's decision to place Petitioner in indeterminate civil commitment as addressing both of those claims.

for a certificate of appealability ("COA"). (Doc. No. 35, at 5–6.) A state prisoner may not appeal the denial of a 28 U.S.C. § 2254 habeas petition unless he is granted a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Flieger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994), cert. denied, 513 U.S. 946 (1994). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Id. (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)).

The Magistrate Judge correctly determined that Petitioner failed to make a substantial showing of the denial of a constitutional right. It is unlikely that another court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Therefore, appellate review is not warranted, and the Magistrate Judge properly denied Petitioner's request for a COA.

   **C.**  **Appointment of Counsel**

Petitioner requests the appointment of counsel. (Doc. No. 35, at 2.) A pro se litigant does not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555–57 (1987); Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Instead, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In determining whether to appoint counsel in a case involving

11

non-frivolous claims, "a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

Petitioner first requested appointment of counsel through a letter filed concurrently with his initial Petition for a Writ of Habeas Corpus. (Doc. No. 3.) The Magistrate Judge[8] denied the motion, finding that the case was not so complex as to warrant the appointment of counsel and that Petitioner had been able to effectively articulate his claims and communicate with the Court. (Doc. No. 5.) Petitioner then sent three additional letters to the Court, asking the Court to reconsider its denial. (See Doc. No. 8, at 2.) For the same reasons set forth in her previous Order, the Magistrate Judge again denied the request. (Id. at 3.) Petitioner now repeats his request for appointment of counsel. (Doc. No. 35, at 2.)

As noted by the Magistrate Judge, Petitioner has filed numerous pleadings and letters that demonstrate his ability to articulate and present his claims. Moreover, the facts of this case and the legal theories involved are not so complex as to warrant the appointment of counsel. The Court finds, therefore, that the Magistrate Judge properly concluded that the interests of justice do not require appointment of counsel.

### D. Extension of Time to Object

Petitioner requests an additional sixty days to add to his Objections. (Doc. No. 35, at 8.) Any written objections to a magistrate judge's report and recommendation must be filed

---

[8] The Magistrate Judge Janie S. Mayeron was assigned to this case at the time of Petitioner's first two requests for appointment of counsel. The case was subsequently reassigned to Magistrate Judge Tony N. Leung.

within fourteen days of service of the report upon the objecting party, unless the court sets a different deadline.  D. Minn. LR 72.2(b)(1); see 28 U.S.C. § 636(b)(1).  A party must show good cause to obtain an extension of time.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); see Akbar v. Jett, Civ. No. 10-4493, 2010 WL 5463797, at *1 (D. Minn. Dec. 29, 2010) (denying a motion for an extension of time to file objections to a magistrate judge's report and recommendation because the "[p]etitioner provide[d] no reason for his requested delay").

Objections to the R & R in this case were due by February 5, 2013.  The Court did not set a different deadline.  Although Petitioner timely filed an eight-page document setting forth his objections to the R & R, he stated that "[m]ore time to respond . . . would be ideal." (Doc. No. 35, at 1–2.)  He offered no further explanation of his need for additional time. Therefore, Petitioner has not shown good cause for an extension of time, and the Court denies the request.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections (Doc. No. 35) to the Magistrate Judge's January 22, 2013, R & R (Doc. No. 34) are **OVERRULED**;

2. The Magistrate Judge's R & R (Doc. No. 34) is **ADOPTED**;

3. Petitioner's Amended Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. No. 29) is **DENIED**;

4. Petitioner's request for appointment of counsel (Doc. No. 35) is **DENIED**;

5. Petitioner's request for an extension of time to object is **DENIED**;

6. Petitioner's treatment claim is **DISMISSED without prejudice**;

7. All other claims are **DISMISSED with prejudice**; and

8. A Certificate of Appealability is **NOT GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 10, 2013                    s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge